IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRIS ALLAN BENNETT, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3:10-CV-394-M |
| | § | |
| STEAK 'N SHAKE OPERATIONS, INC., | § | |
| d/b/a STEAK 'N SHAKE, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Remand to State Court [Docket Entry #3]. For the reasons explained below, the Court defers its decision on the Motion, pending a further submission from Defendant.

Plaintiff Chris Allan Bennett ("Bennett") filed an age discrimination suit in state court on February 5, 2010. On February 26, 2010, Defendant Steak 'N Shake Operations, Inc. removed this case to federal court on the basis of diversity of citizenship, alleging that Bennett is a citizen of Texas and that Steak 'N Shake Operations is a citizen of Indiana.

The jurisdiction of federal courts is limited.[1] A federal district court may exercise jurisdiction on two principal bases: (1) the existence of a federal question; or (2) complete diversity of citizenship between the parties, when at least $ 75,000 is in controversy.[2]

The removal statute, 28 U.S.C. § 1441(b), states:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable *only if none of the parties in interest properly joined and served as defendants* is a citizen of the State in which such action is brought.[3]

---
[1] *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[2] *See* 28 U.S.C. §§ 1331, 1332 (West 2006 & Supp. 2008).
[3] 28 U.S.C. §1441(b) (West 2006 & Supp. 2008) (emphasis added).

Removal jurisdiction is strictly construed because it implicates important federalism concerns.[4] Contested issues of material fact are resolved in the plaintiff's favor, and any doubts must be resolved against removal.[5] The removing party bears the burden of establishing federal jurisdiction.[6]

Through the declaration of Barry Page, in-house counsel for Steak 'N Shake Operations, Defendant established the following facts regarding its operations:[7] Steak 'N Shake Operations is the entity that employed Bennett. Steak 'N Shake Operations does not do business as Steak 'N Shake, Inc., and in fact, Steak 'N Shake, Inc. became Steak 'n Shake Operations in February 2001, and no longer exists. Steak 'N Shake Operations is an Indiana corporation that maintains its principal place of business in Indianapolis, Indiana. The parent company of Steak 'N Shake Operations is an entity that, until April 8, 2010, was called Steak 'N Shake Company.[8] Steak 'N Shake Company is a Texas corporation that maintains its principal place of business in San Antonio, Texas.

Bennett does not contest any of these facts. Rather, he appears to argue that the Texas citizenship of Steak 'N Shake Company (the parent) should be imputed to Steak 'N Shake Operations (the subsidiary). In support of this argument, Bennett demonstrates through certain securities filings that the upper management of Steak 'N Shake Company and Steak 'N Shake Operations are identical;[9] that the directors and officers of Steak 'N Shake Operations can be

---

[4] *See Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002) (citation omitted); *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997) (citation omitted).
[5] *See Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citation omitted); *Cross v. Bankers Multiple Line Ins. Co.*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (citation omitted).
[6] *Shearer v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008) (citing *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir.2005)); *Frank*, 128 F.3d at 922.
[7] *See* Steak 'N Shake's Response, App. at 1-2.
[8] Because the change in corporate name took place during the parties' briefing, the Court will refer to the parent company as "Steak 'N Shake Company" in this Order, so as to avoid introducing a new name.
[9] Bennett's Reply, App. at 1.

reached through Steak 'N Shake Company;[10] and that the Chairman and CEO of Steak 'N Shake Company makes "investment decisions and all major capital allocation decisions" for Steak 'N Shake Company and its subsidiaries, which includes Steak 'N Shake Operations.[11]

This argument about imputed citizenship was raised for the first time in Bennett's reply brief, and therefore would not ordinarily be considered by the Court.[12] However, the Court will address the argument because it goes to jurisdiction.[13]

It is well established that a "subsidiary corporation which is incorporated as a separate entity from its parent corporation is considered to have its own principal place of business."[14] However, there is an exception to this rule when the subsidiary is not really a separate entity.[15] In making the factual determination as to whether a subsidiary is separate, courts consider such matters as "the degree of control exercised by the parent, the relationship between parent and subsidiary activities, the membership of the Board of Directors, and the maintenance of separate corporate books."[16]

The record before the Court is insufficient for the Court to determine whether Steak 'N Shake Operations is a separate entity from Steak 'N Shake Company, and thus whether the Texas citizenship of the parent should be imputed to the subsidiary. Therefore, on or before May 12, 2010, Steak 'N Shake Operations may file supplemental evidence with the Court to address this

---

[10] *Id.* at 2.
[11] *Id.* at 3.
[12] *See, e.g., Senior Unsecured Creditors' Comm. of First RepublicBank Corp. v. FDIC*, 749 F. Supp. 758, 772 (N.D. Tex. 1990) (Fitzwater, J.).
[13] *See* Fed. R. Civ. P. 12(h)(3); *see, e.g., Live & Let Live, Inc. v. Carlsberg Mobile Home Props., Ltd.*, 592 F.2d 846, 848 (5th Cir. 1979) ("A court may at any time, even on its motion, consider questions pertaining to its own jurisdiction.").
[14] *Burnside v. Sanders Assocs., Inc.*, 507 F. Supp. 165, 166 (N.D. Tex. 1980) (Hill, J.) (quoting 1 Moore's Federal Practice, ¶ 0.77(1.-2) at 717.10 (1979)) (internal quotation marks omitted).
[15] *Id.*
[16] *Id.* (citation omitted).

issue. After receiving Steak 'N Shake Operations' supplemental evidence, the Court will determine Bennett's Motion to Remand.

**SO ORDERED.**

April 28, 2010.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS